# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, <br><br> Plaintiff, <br><br> v. <br><br> O. J.'S CAFE, INC., <br><br> Defendant. | 8:17CV239 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Strike Untimely Supplemental Expert Report of Larry B. Fleming, ECF No. 54, filed by Plaintiff Zach Hillesheim. For the reasons stated below, the Motion will be denied.

## BACKGROUND

On June 29, 2018, Defendant, O.J.'s Cafe, Inc. (O.J.'s Cafe), filed a Motion for Summary Judgment, ECF No. 34. O.J.'s Cafe argued, among other things,[1] that Hillesheim's claim was moot because O.J.'s Cafe retrofitted its parking lot and ramp to eliminate any conditions that were not strictly compliant with the Americans with Disabilities Act (ADA). In support of its mootness argument, O.J.'s Cafe submitted the Supplemental Expert Report of Larry Fleming, ECF No. 36-7.

Hillesheim also filed a Motion for Summary Judgment, ECF No. 39; Motion to Exclude, ECF No. 42; and Motion to Strike Untimely Supplemental Expert Report of Larry B. Fleming, ECF No. 54. He argues the Supplemental Expert Report of Larry Fleming

---

[1] O.J.'s Cafe also argues in its Motion for Summary Judgment that Hillesheim cannot show he suffered an injury-in-fact and he lacks evidence that O.J.'s Cafe took adverse action against him based on his alleged disability.

was untimely, and the untimely disclosure was not substantially justified or harmless. He asks the Court to strike Fleming's Supplemental Expert Report under Federal Rule of Civil Procedure 16(f) and 37(c)(1).

O.J.'s Cafe argues the Supplemental Expert Report was not untimely because it was provided before the pretrial disclosure deadline. In the alternative, O.J.'s Cafe argues that the report should not be excluded because the untimeliness was substantially justified or harmless.

## DISCUSSION

### I. Timeliness of the Supplemental Expert Report of Larry Fleming

Federal Rule of Civil Procedure 26(a)(2) requires that parties disclose the identity of any expert witness and that the expert prepare a report containing "a complete statement of all opinions the witness will express and the basis and reasons" for those opinions. Fed.R.Civ.P. 26(a)(2). "A party must make these disclosures at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). The parties must supplement these disclosures when required under Rule 26(e). Fed.R.Civ.P. 26(a)(2)(E). In this case, Magistrate Judge Nelson issued an Amended Order Setting Final Schedule for Progression of Case ("Scheduling Order"). Hillesheim argues the Supplemental Expert Report was due on April 16, 2018, based on the following language in the Scheduling Order:

> 3. **Disclosure of Expert Witnesses.** Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **April 16, 2018**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **April 30, 2018**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available

2

> for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

ECF No. 20, Page ID 67-68. The Court acknowledges that the language "shall be made on these deadlines" could be interpreted to require disclosure of both the initial reports and all supplements by the deadline for the disclosure of initial expert reports. The Court rejects that interpretation, however, because it would eliminate the continuing duty to supplement under Rule 26(e) with respect to new developments occurring after the initial report deadline.

An interpretation more consistent with the Federal Rules of Civil Procedure is that O.J.'s Cafe's initial expert reports were due on April 16, 2018, and, if disclosed prior to that date, O.J.'s Cafe had a duty to supplement on that date if any additions or changes had occurred. Under this interpretation, additional supplemental expert reports based on new developments continued to be required, and permitted, pursuant to Rule 26(e) which requires that any additions or changes to the information contained in an expert's report must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. "Unless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial." Fed.R.Civ.P. 26(a)(3)(B). Pursuant to paragraph 4 of the Scheduling Order, Rule 26(a)(3) pretrial disclosures are due on November 16, 2018. ECF No. 20, Page ID 68. Because Rule 26(e)(2) ties the deadline for supplementing expert reports to the deadline for Rule 26(a)(3) disclosures, supplemental expert reports required under Rule

3

26(e) are also due on November 16, 2018. Thus, Supplemental Expert Report, ECF No. 36-7, provided to Hillesheim on June 25, 2018, was not untimely.

**II. Failure to Disclose or Supplement Under Federal Rule of Civil Procedure 37(c)(1)**

Even if the Court considered the report untimely, it would not be stricken because any delay in providing the Supplemental Expert Report was harmless. "If a party fails to provide information . . . or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> A district court considers several factors in determining whether a Rule 26 violation is justified or harmless, including: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Roderick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)). In determining whether to exclude the testimony of a witness not made in compliance with a pretrial order, in addition to these factors, courts have also considered the reason for the failure, importance of the witness's testimony, and the opposing party's need for time to prepare for the testimony. *Koenig v. CBIZ Benefits & Ins. Servs, Inc.*, No. 8:04CV486, 2006 WL 2715137, at *4 (D. Neb. Sept. 22, 2006) (citing *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986)); *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879 (8th Cir. 1986)). "When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). (citing Fed.R.Civ.P. 37(c)(1); *Trost v. Trek Bicycle Corp.*, 162

4

F.3d 1004, 1008 (8th Cir. 1998)). "[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Id.* (citations omitted). "'[E]xclusion of evidence is a harsh penalty and should be used sparingly.'" *Id.* (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)).

The ADA provides a private right of action for injunctive relief to any person being subjected to discrimination based on disability. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (citing 42 U.S.C. § 12188). The purpose of the ADA is remedial and the presumed goal of this case is to bring O.J.'s Cafe into compliance with the ADA. Hillesheim can claim no surprise that O.J.'s Cafe attempted the remediations sought and submitted a supplemental report from Larry B. Fleming, a previously disclosed expert. Hillesheim also had actual notice that O.J.'s Cafe was attempting remediation prior to the disclosure of the Supplemental Expert Report. At the deposition of Olga Vlcek on May 31, 2018, Vlcek testified that remediations to the parking lot were being completed to bring it into compliance with the ADA. Vlcek Dep., ECF No. 36-4, Page ID 123.

Trial in this matter is not scheduled until December 18, 2018, giving Hillesheim adequate time to present evidence that the remediations have not mooted his claim for injunctive relief. He has attempted to complete an additional inspection at O.J.'s Café, and it is apparent he has had some access to the premises. However, the Court is unable to determine whether the Hillesheim's photographs demonstrate continued ADA noncompliance, because the quality of the photographs is poor. *See* Hansmeier Decl., ECF No. 53-1, Page ID 395. If sufficient remediations have occurred, the Court no longer has jurisdiction; there would be no additional evidence Hillesheim could present to save his claim from being dismissed for mootness; and any additional time to prepare for

5

Fleming's testimony would be futile. Therefore, little, if any, prejudice to Hillesheim will result from denying his Motion to Strike. To cure any possible prejudice, the Court will allow Hillesheim additional time to conduct a site inspection to ascertain the effects of O.J.'s Cafe's remediation efforts.

The Court also finds no evidence of bad faith on the part of O.J.'s Cafe in connection with the issuance of the Supplemental Expert Report, and, as Hillesheim acknowledged, "the substance of the supplemental report is vitally important to this case" as it is "[t]he primary evidence [O.J.'s Cafe] relies on in support of its mootness argument." Pl.'s Br. Supp. Mot. to Strike, ECF No. 55, Page ID 404. "Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." *Hempstead Cty. Hunting Club, Inc. v. Sw. Elec. Power Co.*, 558 F.3d 763, 767 (8th Cir. 2009) (quoting *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, —— U.S. —— 133 S. Ct. 721, 726-27 (2013).

"If circumstances change over the course of litigation so that the issues in the case lose their life and a federal court can no longer grant effective relief, the case is moot." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1192 (8th Cir. 2007). "A claim for injunctive relief may become moot if challenged conduct permanently ceases." *Hempstead Cty.*, 558 F.3d at 767 (quoting *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 354 (8th Cir. 1998)).

6

"The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party . . . at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Excluding the Supplemental Expert Report from evidence could lead the Court to hear a case it lacks jurisdiction to decide. For these reasons, the Supplemental Expert Report of Larry B. Fleming, even if untimely disclosed, will not be stricken, and Hillesheim's Motion to Strike Untimely Supplemental Expert Report of Larry B. Fleming will be denied.[2]

Accordingly,

IT IS ORDERED:

1. Hillesheim's Motion to Strike Untimely Supplemental Expert Report of Larry B. Fleming, ECF No. 54, is denied;

2. Hillesheim is granted leave to inspect O.J.'s Cafe's parking lot on or before September 15, 2018, to determine whether previously identified ADA non-compliant conditions have been remediated;

3. O.J.'s Cafe shall make the subject property available for inspection by Hillesheim at a mutually convenient time upon reasonable notice;

4. On or before September 20, 2018, Hillesheim may submit to the Court evidence, if any, of ADA violations he contends have not been remediated; and

---

[2] "[T]he court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances made an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). For the same reasons discussed in the preceding section with respect to timeliness of the supplemental report and Rule 37, the Court denies Hillesheim's request for relief under Federal Rule of Civil Procedure 16(f).

5. The Court defers ruling on O.J.'s Cafe's Motion for Summary Judgment, ECF No. 34; Hillesheim's Motion for Summary Judgment, ECF No. 39; and Hillesheim's Motion to Exclude, ECF No. 42.

Dated this 31st day of August, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge