# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>O. J.'S CAFE, INC.,<br><br>　　　　　　Defendant. | 8:17CV239<br><br>MEMORANDUM<br>& ORDER |

This matter is before the Court on Defendant's Motion in Limine, ECF No. 72, and the Defendant's Motion for Clarification or Amendment of Prior Order, ECF No. 76. For the reasons stated below, the Motion in Limine will be denied, without prejudice to the Defendant's objections at trial; and the Motion seeking clarification of the Court's Memorandum and Order, ECF No. 67, will be granted in accordance with this Memorandum and Order, and Defendant's request for amendment is denied.

## BACKGROUND

On November 14, 2018, the Court entered a Memorandum and Order, ECF No. 67, on the parties' cross motions for summary judgment. The Memorandum and Order granted, in part, the Motion for Summary Judgment, ECF No. 34, filed by Defendant O.J.'s Cafe, Inc. ("O.J.'s Cafe"), and denied Plaintiff Zachary Hillesheim's Motion for Summary Judgment, ECF No. 39.

On December 7, 2018, O.J.'s Cafe filed an Motion for Clarification or Amendment of Prior Order, ECF No. 76, asking the Court to clarify that the Memorandum and Order, ECF No. 67, does not limit the legal defenses and factual evidence it may present at trial on Hillesheim's claim that O.J.'s Cafe violated the Americans with Disabilities Act ("ADA").

It is Hillesheim's position that the Memorandum and Order, ECF No. 67, resolved certain issues in Hillesheim's favor and the only unresolved issue is whether it is feasible for O.J.'s Cafe to install a parking space and adjoining access aisle that is sufficiently flat. Order on Final Pretrial Conference, ECF No. 75, Page ID 602. The Court will clarify, below, why the Memorandum and Order, ECF No. 67 does not limit the legal defenses and factual evidence O.J.'s Cafe may present at trial. The Court is issuing this Memorandum and Order without awaiting the usual response time, to allow Hillesheim sufficient opportunity to prepare for trial accordingly.

## DISCUSSION

### I. Standing

Under the Article III case-or-controversy requirement, a plaintiff must establish standing as an "indispensable part of the plaintiff's case." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). Each of the elements of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id*. Nothing in the Memorandum and Order, ECF No. 67, relieves Hillesheim from adducing evidence at trial to demonstrate his standing to bring his ADA claim. Likewise, nothing in the Memorandum and Order, ECF No. 67, precludes O.J.'s Cafe from challenging Hillesheim's standing at trial.

### II. ADA Claim

"An ADA discrimination claim 'requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the

plaintiff within the meaning of the ADA.'" *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 956 (8th Cir. 2018) (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)). At trial Hillesheim will be required to prove each element of his prima facie case of ADA discrimination[1] and any subparts of each element, including that an alteration to the property has occurred if Hillesheim pursues his claim that O.J.'s Cafe discriminated against him as defined by 42 U.S.C. § 12183(a)(2).[2] The Memorandum and Order, ECF No. 67, analyzed the facts deemed undisputed for the purpose of Hillesheim's Motion to provide the parties with guidance and an explanation of the Court's ultimate denial of Hillesheim's Motion. The Memorandum and Order, ECF No. 67, did not constitute a determination of any facts or issues for purposes of trial in this case, except as specifically stated with respect to the partial grant of O.J.'s Cafe's Motion for Summary Judgment on the issue of mootness.

### III. Affirmative Defenses

As stated above, this Court denied Hillesheim's Motion for Summary Judgment, ECF No. 39. Therefore, nothing in the Memorandum and Order, ECF No. 67, precludes O.J.'s Cafe from raising any applicable affirmative defenses at the time of trial.

---

[1] The Order on Final Pretrial Conference, ECF No. 75, states that "[t]he parties have agreed that the following may be accepted as established facts for purposes of this case only: The parties stipulate that O.J.'s Cafe . . . is a public accommodation under Title III of the Americans with Disabilities Act ("ADA")" and that "Plaintiff has a 'disability' as defined by the 42 U.S.C. § 12102(1) of the ADA." Therefore, based on the agreement of the parties in the Order on Final Pretrial Conference, these two facts will be accepted as established at trial.

[2] The Court also notes that the Court's references to "repaving" in the Memorandum and Order, ECF No. 67, Page ID 532-33, were intended to be references to the resurfacing referenced at ECF No. 67, Page ID 531-32, as opposed to a repaving. However, because the Memorandum and Order did not constitute a determination of any of the issues Hillesheim is required to prove at trial, it is of no material significance.

**IV. Motion in Limine**

This matter is scheduled for bench trial, commencing December 18, 2018. In its Motion in Limine, the Defendant asks the Court to rule on the admissibility of a variety of evidence that may or may not be offered at trial. Because there is no risk of inadmissible or unfairly prejudicial evidence tainting a jury's deliberative process, the Court will deny the Defendant's Motion in Limine, without prejudice to the Defendant's assertion of objections at trial.

**CONCLUSION**

O.J.'s Café's request for clarification of the Court's Memorandum and Order, ECF No. 67, is granted, as provided above, and its request for amendment of the Memorandum and Order is denied.

IT IS ORDERED:

1. The Defendant's Motion for Clarification or Amendment for Prior Order, ECF No. 76, is granted insofar as clarification is provided in this Memorandum and Order, and is otherwise denied; and

2. The Defendant's Motion in Limine, ECF No. 72, is denied, without prejudice to the Defendant's assertion of objections at trial.

Dated this 13th day of December, 2018.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge