# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, **Plaintiff,** vs. O. J.'S CAFE, INC., **Defendant.** | 8:17CV239 MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Alter or Amend Judgment, ECF No. 92, filed by Plaintiff Zach Hillesheim. Hillesheim asked the Court to reconsider its Findings of Fact and Conclusions of Law and corresponding Judgment, ECF Nos. 90 & 91, in which the Court dismissed Hillesheim's claims against Defendant O.J.'s Cafe, Inc., without prejudice, for lack of standing. For the reasons stated below, the Motion will be granted in part.

## BACKGROUND

On March 14, 2019, this Court entered Findings of Fact and Conclusions of Law, ECF No. 90, dismissing Hillesheim's claims without prejudice for lack of standing. A corresponding Judgment was also entered, ECF No. 91. Hillesheim now asks the Court to amend its Judgment for three reasons: First, he contends the Court's analysis of threat of future injury did not rely on the facts as they existed at the time the lawsuit was commenced. Second, he contends the Court shifted the burden to him to prove that that his case was not moot. Third, he contends the ADA entitles him to an accessible parking space and access aisle that is fully compliant with the requirements of the ADA.

## STANDARD OF REVIEW

The Court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

## DISCUSSION

**I. Threat of future injury**

Hillesheim argues that the Court's analysis of threat of future injury did not rely on the facts as they existed at the time the lawsuit was commenced. "In the case of complaints for injunctive relief, the 'injury in fact' element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm." *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-05 (1983)). However, "[b]ecause standing is determined as of the lawsuit's commencement, [the Court] consider[s] the facts as they existed at that time." *Steger v. Franco*, 228 F.3d 889, 892 (8th Cir. 2000) (citing *Park*, 205 F.3d at 1038).

Hillesheim correctly points out that the Court's Findings of Fact and Conclusions of Law, ECF No. 90, addressed the slopes as they existed on September 12, 2018, after modifications were completed by the O.J.'s Cafe, not as they existed as of the lawsuit's commencement. Thus, the proper analysis was one of mootness as opposed to standing,

2

and Court will enter an Amended Findings of Fact and Conclusions of Law and an Amended Judgment.

## II. Burden of demonstrating mootness

Hillesheim argues that the Court improperly shifted the burden to him to prove that that his case was not moot. The plaintiff has the burden of demonstrating that jurisdiction exists; however, "[t]he 'heavy' burden of proving mootness falls on the party asserting the case has become moot." *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Because, as stated above, the issue of the slopes remaining after O.J.'s Cafe's modifications must be addressed as a matter of mootness, O.J.'s Cafe bore the burden of demonstrating that Hillesheim's claims had become moot. The Court will enter an Amended Findings of Fact and Conclusions of Law and Amended Judgment contemporaneous with this Memorandum and Order allocating the burdens accordingly.

## III. Entitlement to full ADA compliance

Hillesheim argues that the ADA entitled him to an accessible parking space and access aisle that was fully compliant with the requirements of the ADA and that his right to injunctive relief was not limited to the portions of the parking lot he might use. In support, Hillesheim cites to 42 U.S.C. § 12188(a)(2) which provides that ADA plaintiffs are entitled to the remedy of an injunction ordering the facility to be altered to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA. He further states that the only limitation on the scope of the injunction available to him is that any requested relief must reasonably affect someone who uses a wheelchair for mobility.

3

Essentially, Hillesheim argues that once he established standing for the ADA violations which existed in the parking lot prior to the modification, he became entitled to injunctive relief which required O.J.'s Cafe to modify the parking space to exact compliance with ADA slope requirements in every inch of the handicap-designated parking space and access aisle. He argues that until all the slopes are remedied his claim is not moot because "[i]t was not impossible for the Court to grant [him] any effectual relief because there was a live controversy as to whether [O.J.'s Cafe] needed to eliminate the remaining excessive slopes in its designated parking space and access aisle." Pl. Br. ECF No. 93, Page ID 936. The Court disagrees.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864-65 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). To avoid dismissal for mootness, the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 795 (8th Cir. 2016) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000)).

O.J.'s Cafe was able to demonstrate that Hillesheim no longer had a personal interest in the outcome of the litigation as there was no harm left to enjoin, and his claim became moot. A complete discussion of O.J.'s Café's demonstration of mootness is

4

contained in the Amended Findings of Fact and Conclusions of Law and Amended Judgment.

Accordingly,

IT IS ORDERED:

1. Plaintiff Zach Hillesheim's Motion to Alter or Amend Judgment, ECF No. 92, is granted in part; and

2. An Amended Findings of Fact and Conclusions of Law and an Amended Judgment will be entered.

Dated this 18th day of June, 2019.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          Senior United States District Judge